**FIFTH-THIRD UNION TRUST CO, Exr v KINGSBURY, Exrx, etc**

Ohio Appeals, 2nd Dist, Greene Co

No 380. Decided Dec 27, 1932

Charles L. Darlington, Xenia, for plaintiff in error.

Miller & Finney, Xenia, for defendant in error.

## OPINION

### By ALLREAD, J.

It appears that R. H. Kingsbury purchased certain stock of his father and gave a promissory note due in six months for the payment of the stock. Upon the back of this note the following appears:

"Contract.

"Ten years from the date of this note, if I am living, I hereby agree to refund the amount of the face of the same, to-wit, $3266.67 without interest, this same being intended to be used for the higher education of my grandchildren by my son Robert H. Kingsbury."

This contract was signed by Robert S. Kingsbury. The father of the children, R. H. Kingsbury, died before the expiration of ten years and the grandfather, R. S. Kingsbury who signed the contract died two days after the expiration of the ten year period. It is claimed that the contract signed by R. S. Kingsbury had no relation to the principal contract upon which it was endorsed and is therefore a gift by the donor, R. S. Kingsbury.

This is an important question and has received serious attention, but we can not escape the view that the contract upon the back of the note was connected with the note and is in our judgment by reference made a part of the note. We are therefore of opinion that the collateral contract was founded in the consideration of the note itself and became a valid contract obligation of R. S. Kingsbury, subject only to the one condition that R. S. Kingsbury should survive the ten year period.

The second objection made is that the said R. H. Kingsbury did not perform the conditions of the contract on his part and did not pay the entire consideration of the note wtihin the period of six months therein provided for. We are clear upon this subject that R. H. Kingsbury was not required absolutely to pay the note within the period of six months therein provided for, but was entitled to any extension in the payment accorded to him by the payee, R. S. Kingsbury, and the presumption is that the payments were made within the time allotted. There is no forfeiture of the collateral contract by reason of such payments.

Again it is urged that the collateral contract on the back of the note, being an agreement of refunder, would ·make the same payable to the holder of the note, R. H. Kingsbury, and the said R. H. Kingsbury having died within the period that there was no one to whom the payments could be made, and no one upon whom the obligation of the higher education of his children could be devolved. We think counsel are in error in this claim, that the payment was evidently to have been made neither to Robert H. Kingsbury or to some one who represented his estate. The plaintiff in this case, being the administrator of R. H. Kingsbury, was the proper representative to bring suit, although R. H. Kingsbury died before the expiration of the ten year period, and his wife was his representative. The fourth and fifth objections may be considered together. The effect of these objections is to hold first, that R. S. Kingsbury's estate could not be held for the survival of the contract, and second, that his will is inconsistent with the contract. We are clear that the cause of action is not subject to be defeated by the death of R. S. Kingsbury. This cause of action is not within the statutes, to-wit, §§11235 and 11397 GC, providing for causes of action which do not survive. As to the ademption of the debt by the will we can not escape the view that this provision being

as absolute contract would take effect unless the will made some inconsistent provision. This is clearly set forth in the case of **Bowen v Bowen, 34 Oh St 164.** The fourth syllabus of that case is as follows:

"Where, by antenuptial settlement, a sum of money is secured to the wife, to be paid after the husband's death, and, by a subsequent will, the husband directs all of his just debts of every kind to be first paid, and makes provision for the support of his wife during widowhood, with a declaration that the intent and meaning of the testator was to give to his wife the provision made for her in his will, she may claim the provision in the will, and also that made for her in the settlement."

This syllabus in connection with the decision of the case is to the .effect that unless the will makes a provision which by its terms is inconsistent with the provision for the debt, both are effective. It will be noted that the contract in this case provides for the immediate payment after the expiration of the contract. It is not required to wait until the settlement of the estate or be subjected to the other conditions arising in the settlement of the estate. The contracting provision must therefore be held to be additional to the provision of the will. Judge Gowdy, the trial judge, has written different opinions upon the different stages of the case. These opinions evidence a thorough consideration of the case by the trial judge and are in our opinion correct. Judgment affirmed.

HORNBECK and KUNKLE, JJ, concur.